# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### LAFAYETTE DIVISION

GREGORY MEDLEY,
    Plaintiff,

v.

CRUZ DIAZ and
PIER TRANSPORTATION, INC.,
    Defendants.

Case No. _____

## NOTICE OF REMOVAL

Defendants Cruz Diaz and Pier Transportation, Inc., (hereinafter collectively referred to as "Defendants"), by counsel Edward W. Hearn and Kyle J. Farris of JOHNSON & BELL P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file their Notice of Removal of the above-captioned action from Superior Court I of Tippecanoe County, Indiana, to this Court, based on the following grounds:

1.   On September 2, 2022, Plaintiff filed his Complaint against Defendants in the Superior Court of Tippecanoe County, Indiana, which was designated under case no. 79D01-2209-CT-132. A true and accurate copy of the Complaint is attached as Exhibit A and fully incorporated here.

2.   Defendants obtained an extension to answer the Complaint up to and including November 4, 2022, and have not yet filed their Answer to that Complaint with Tippecanoe Superior Court I. *But see Fed. R. Civ. P.* 81(c)(2).

3.   Plaintiff achieved service on Pier Transportation on or before September 16, 2022.

4.   Defendant Pier Transportation Inc. is an Illinois corporation with its principal place of business in Willowbrook, Illinois.  Therefore, Pier Transportation is a citizen of Illinois.

5.   Defendant Cruz Diaz is an individual residing in Chicago, Illinois, and is a citizen of the State of Illinois.

1

6.   Plaintiff is an individual residing in Burnettsville, Indiana, and is a citizen of the State of Indiana.

7.   Because Plaintiff is not a citizen of the same State as any Defendant, complete diversity exists.

8.   In his Complaint, Plaintiff alleges damages from personal injuries.  In accordance with *Ind. T. R.* 8(A)(2), Plaintiff has not specified a dollar amount in the request for relief in his Complaint.

9.   In an effort to determine the amount in controversy in this matter, on September 16, 2022, Defendants served Plaintiff with a Stipulation to Damages and Letter requesting Plaintiff to stipulate and agree that the amount in controversy was less than seventy-five thousand dollars ($75,000.00).  Defendants further indicated that if the stipulation was signed by October 16, 2022, Defendants would not seek to remove the case to Federal Court.

10. On September 16, 2022, Plaintiff responded that he was not able to stipulate that Plaintiff's damages were less than $75,000.   This notice is filed within thirty (30) days of receipt of the Plaintiff's response to Defendants' Stipulation to Damages and Letter.

11. Although Defendants deny the material allegations of Plaintiff's Complaint, Plaintiff's failure to stipulate that his damages do not exceed $75,000 acts as an agreement and thus establishes that the amount in controversy, exclusive of interests and costs, exceeds the $75,000 threshold to invoke this Court's diversity jurisdiction.  *See Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (plaintiff's failure to stipulate to damages under $75,000 allows the inference that the claim is worth more); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) ("Plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum . . . ."); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512–13 (7th Cir. 2006)

(citing *Workman* and *Rubel*); *Webb v. Frawley*, 858 F.3d 459, 461–62 (7th Cir. 2017) (plaintiffs could have remained in state court by stipulating to damages under $75,000 but failed to do so).

12. This Court has original jurisdiction over the state-court action under 28 U.S.C. § 1332. This action is therefore removable to this Court under 28 U.S.C. §§ 1441 and 1446 because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different States and/or subjects of foreign states.

13. Defendants have filed this Notice of Removal within thirty (30) days of determining that the case is removable.

14. Upon filing this Notice of Removal, Defendants will give written notice of the filing to all attorneys of record and the Clerk of the Superior Court of Tippecanoe County, Indiana.

Respectfully submitted:

JOHNSON & BELL, P.C.

By:     /s/*Edward W. Hearn*
        Edward W. Hearn, #18691-64
        Kyle J. Farris, # 35820-64
        11041 Broadway
        Crown Point, Indiana 46307
        (219)791-1900
        hearne@jbltd.com
        farrisk@jbltd.com

## **CERTIFICATE OF SERVICE**

I certify that on September 26, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Indiana, Lafayette Division, using the CM/ECF system and that the foregoing document was served upon all counsel of record.

*/s/Edward W. Hearn*
Edward W. Hearn, #18691-64